WHATLEY, Judge.
In this appeal of his conviction and sentence for the offense of being a felon in possession of a firearm, Phillip David Jackson argues that his written sentence is erroneous because it does not conform to the trial court’s oral pronouncement, it places him on drug offender probation when he does not qualify for such, and it imposes numerous special conditions of probation when only two of those conditions were pronounced at sentencing. He preserved these sentencing issues by filing a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(b)(2)(A). Although the trial court entered an order granting the relief sought in Jackson’s motion, it never corrected the written sentence and order of probation.
We remand for the limited purpose of the trial court correcting Jackson’s sentence and order of probation in accordance with its March 29, 2011, order granting Jackson’s rule 3.800(b)(2)(A) motion. See Owens v. State, 1 So.3d 405 (Fla. 2d DCA 2009).
WALLACE and CRENSHAW, JJ., Concur.